UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE MORGAN, *also known as Memphis Dante Morgan*,

                              Plaintiff,

                    -against-

DOWNSTATE CORRECTIONAL FACILITY,

                              Defendant.

19-CV-4121 (CM)

ORDER TO AMEND

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that the Defendant was deliberately indifferent to his medical needs while he was incarcerated in the Downstate Correctional Facility ("Downstate"). By order dated July 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Dante Morgan states that, on November 22, 2017, while incarcerated at Downstate, he slipped and fell on a flight of stairs, injuring his knee. Medical staff at Downstate gave him 600 mg of ibuprofen and told him that there was nothing else they could do for him. Plaintiff asserts that, beginning on the day he fell, he has experienced pain and swelling in his knee and cannot walk or run as fast as he could before the slip and fall. Plaintiff names Downstate as the sole defendant and is seeking $13.5 million in damages.

## DISCUSSION

### A.    Claims against Downstate

Plaintiff brings claims against Downstate, a facility operated by the New York State Department of Corrections and Community Supervision. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against Downstate as barred by the Eleventh Amendment. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Individual Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must usually allege facts showing an individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff names no individual defendants in this action. He must therefore amend his complaint to name as defendants the individuals who were personally involved in the violations of his federally protected rights and to allege facts showing those individuals' personal involvement.

---

[2] Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

**C.      Inadequate Medical Care**

To state a constitutional claim for inadequate medical care under § 1983, a prisoner must show that the defendants have been deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1997).

Deliberate indifference in the context of a claim of inadequate medical care is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). The relevant inquiry is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition …." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03). The subjective component requires a prisoner to show that a defendant acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). That is, a plaintiff must show that a defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (quoting *Farmer*, 511 U.S. at 837); *Salahuddin*, 467 F.3d at 280-81.

Where a prisoner alleges that some treatment was provided but that it was inadequate, the objective component focuses on the seriousness of the alleged inadequacy. *See Salahuddin*, 467 F.3d at 280. Under this standard, a challenge based on malpractice or the negligent failure to

provide adequate care does not raise a constitutional claim. *See Estelle*, 429 U.S. at 106. And

"mere disagreement over the proper treatment does not create a constitutional claim. So long as

the treatment given is adequate, the fact that a prisoner might prefer a different treatment does

not give rise to a[] [constitutional] violation." *Chance*, 143 F.3d at 703. For example, courts have

found that treating pain with over-the-counter, as opposed to prescription medication is a

disagreement over treatment that does not rise to the level of deliberate indifference. *See, e.g.*,

*Hill*, 657 F.3d at 123 (prescribing Motrin rather than stronger pain medication to treat broken

wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for

deliberate indifference); *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y.

Dec. 23, 2011) ("The decision to prescribe one form of pain medication in place of another does

not constitute deliberate indifference to a prisoner's serious medical needs.").

Here, Plaintiff's allegations indicate that he and the doctors at Downstate disagreed over

the treatment he should receive. The doctors at Downstate prescribed Plaintiff ibuprofen. And

while Plaintiff asserts that ibuprofen did not help, he fails to describe or identify the type of care

that he was denied.

Moreover, Plaintiff has not named as a defendant in this action any individual defendant

who should have known that he was being deprived of adequate medical care and was

deliberately indifferent to that risk. Plaintiff therefore fails to allege facts sufficient to state a

claim that prison officials were deliberately indifferent to his medical needs. 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**D.    Slip and Fall**

A commonplace slip and fall may be actionable as a tort claim for negligence under state

law, but without allegations showing a correctional official's "deliberate indifference to the

consequences of his conduct for those under his control and dependent upon him," *Morales v.*

*N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), such an event does not rise to the level of a constitutional violation. *See, e.g., Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) ("A prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference."); *Covington v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (Plaintiff's "claim that a wet floor caused him to slip and fall does not rise to the level of intolerable prison conditions").

To the extent Plaintiff seeks to assert a claim arising from his slip and fall, he fails to plead facts indicating that his fall was the result of dangerous condition or that any Defendant demonstrated deliberate indifference toward his safety. The Court therefore dismisses any claim Plaintiff may be asserting arising from his slip and fall at Downstate. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to reassign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses Plaintiff's claims against Downstate Correctional Facility. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4121 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   August 5, 2019
           New York, New York

                              COLLEEN McMAHON
                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (    )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.    Facts:_____

What
happened
to you?

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

         _____
        2.      What was the result, if any?
         _____

         _____
        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On other claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.       Is the case still pending?  Yes _____   No _____

           If NO, give the approximate date of disposition_____

7.       What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
           _____
           _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.


               Signature of Plaintiff   _____

               Inmate Number       _____

               Institution Address    _____

                                             _____

                                             _____

                                             _____


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


               Signature of Plaintiff:  _____