UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE MORGAN, *also known as* Memphis Dante Morgan,

          Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS & COMMUNITY SERVICES; OFFICER JANE DOE #1; NURSE JANE DOE #1; NURSE JANE DOE #2; FISHKILL CORRECTIONAL FACILITY,

          Defendants.

19-CV-4121 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Fishkill Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). He filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 5, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint that was received by the Court on September 26, 2019. The Court has reviewed the amended complaint and dismisses the action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff's amended complaint includes the following additional facts in support of his claim: On November 22, 2017, Plaintiff slipped "on the unattended snow" while walking up stairs to his housing unit and hit his left knee. (ECF No. 12, at 2.) He reported the injury to the block officer, Defendant Officer Jane Doe, who instructed him to remain in his cell until after the count. After the count was completed, Plaintiff was taken to the infirmary, where Defendant Nurse Jane Doe #1 examined his knee and gave him ibuprofen. Because of the holiday schedule, Plaintiff was unable to receive additional medication or treatment until the following Monday (four days later).

When Plaintiff was next seen, Physician's Assistant Jane Doe examined him, advised him to stay off his knee, and provided him with a knee brace, pain medication, and ice packs. Plaintiff alleges that PA Jane Doe told him he would be "scheduled for an x-ray as soon as possible." (*Id.*) While waiting for an x-ray, Plaintiff was transferred to Fishkill Correctional Facility. Defendant Nurse Jane Doe #2 examined him at Fishkill and noted that "there was nothing in [his] file in regards to an x-ray." (*Id.*) She provided him with 600mg of ibuprofen and a knee brace and said he would be scheduled for an x-ray. Plaintiff asserts that "months passed" before he was given an x-ray, which showed he had "developed arthritis as a result of [his] injury." (*Id.*)

Plaintiff sues the New York State Department of Corrections and Community Services ("DOCCS"), a Jane Doe correction officer, two Jane Doe nurses, and Fishkill Correctional Facility. He seeks $13.5 million in damages.

# DISCUSSION

## A.   Claims against DOCCS and Fishkill Correctional Facility

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS and Fishkill Correctional Facility ("Fishkill"). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. In 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to become DOCCS. *See Warren v. Pataki*, 823 F.3d 125, 133-34 n.4 (2d Cir. 2016). "DOCCS, as an arm of the state, stands in the same position as the State of New York." *White v. New York*, No. 19-CV-0543, 2019 WL 2578270, at *1 (S.D.N.Y. June 24, 2019). Fishkill is a facility operated by DOCCS and therefore in the same position.

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against DOCCS and Fishkill as frivolous under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**B.     Plaintiff's remaining claims**

Plaintiff's amended complaint includes additional facts about his claim, but fails to remedy the deficiencies the Court identified in its August 5, 2019 order to amend. (*See* ECF No. 11, at 4-6.) The amended complaint asserts "gross negligence" in regards to the medical treatment Plaintiff received. But medical staff at both Downstate and Fishkill examined Plaintiff and provided him with pain medication and a knee brace, and the physician at Fishkill scheduled him for eight weeks of physical therapy. Plaintiff does not allege facts suggesting that any delay in x-raying his knee resulted in "further significant injury or the 'unnecessary and wanton infliction of pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Moreover, Plaintiff has failed to allege facts suggesting that any Defendants acted with a "sufficiently culpable state of mind" in depriving him of adequate medical care. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). The Court therefore dismisses Plaintiff's claims under § 1983 that Defendants were deliberately indifferent to his serious medical needs or provided him with inadequate medical care for the reasons stated in its August 5, 2019 order. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

It is unclear from the complaint whether Plaintiff also intended to assert a § 1983 claim arising from the initial slip and fall. He uses the Court's § 1983 complaint form, and states that he slipped on "unattended snow" following a drop in temperature. To the extent Plaintiff is asserting federal claim under § 1983, he fails to allege facts indicating that a correctional officer demonstrated deliberate indifference to his safety. The Court therefore dismisses any § 1983 claim arising from Plaintiff's slip and fall. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. State-law claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law negligence claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff is asserting, and therefore does not reach the merits of any state-law claims Plaintiff is asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 28, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge